UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA           CRIMINAL ACTION

VERSUS

TROY BELL                          NO.: 14-00051-BAJ-EWD

RULING AND ORDER

Before the Court is the **Motion to Vacate under 28 U.S.C. § 2244 (Doc. 54)**[1] and the **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 55)** filed by Petitioner Troy Bell. On July 22, 2014, Petitioner pled guilty, pursuant to a written plea agreement, to conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 22). On November 5, 2014, the court sentenced Petitioner to 105 months imprisonment and three years of supervised release. (Doc. 45).

Petitioner claims that he is entitled to § 2255 relief because: (1) the indictment fails to state a quantity of drugs; (2) the Court failed to charge the jury or defendant with essential elements of drug quantity; (3) the Court erred in counting a prior conviction for a misdemeanor towards his criminal history category. (Doc. 54).

Petitioner's motions are untimely. A one year statute of limitations applies to §2255 motions, which runs from "the date on which the judgment of conviction

---

[1] It is unclear why Petitioner styled his motion under § 2244, which governs second or successive habeas petitions because this appears to be Petitioners first challenge to his conviction or sentence.

1

becomes final". § 2255(f).[2] A judgment of conviction generally becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States*, 537 U.S. 522, 527 (2003). Since no appeal was taken, Petitioner's conviction became final fourteen days after judgment was entered. Fed. R. App. P. 4(b). Here, Petitioner's conviction became final on November 19, 2014, that is fourteen days after the Court entered its judgment. (*See* Doc. 45). Petitioner filed his § 2255 motion on August 4, 2016, well over one year after this date. (*See* Doc. 54-55).

Petitioner's plea agreement also bars his § 2255 challenge. In his plea agreement, Petitioner waived the right to bring a § 2255 challenge, except for a few limited circumstances, which are not applicable. (Doc. 23 at p. 3-4). A waiver of a defendant's right to appeal or to seek relief under § 2255 will be upheld so long as the waiver is informed and voluntary. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Petitioner does not allege that his waiver of appeal was involuntary. (Doc. 54). Petitioner's plea agreement thus bars the relief he seeks.

---

[2] There are limited exceptions to this rule, which are not applicable here.

Accordingly,

IT IS ORDERED that the **Motion to Vacate under 28 U.S.C. § 2244 (Doc. 54)** and the **Motion to Vacate under 28 U.S.C. § 2255 (Doc. 55)** are DENIED.

Baton Rouge, Louisiana, this 13th day of November, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA